IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**DANNY GILL,**

    **Petitioner,**

**v.**                                         **CIVIL ACTION NO. 5:05-0580**
                                               **CRIMINAL ACTION NO. 5:04-0194**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## MEMORANDUM OPINION

On July 19, 2005, petitioner filed a petition under 28 U.S.C. § 2255 contending a term of incarceration that was imposed upon him on May 26, 2005, was unlawful.[1] (See Doc. No. 39.) Petitioner argues that the court should have granted him a medical departure pursuant to U.S.S.G. § 5H1.4 because he suffers from hemophilia. In addition, petitioner argues that his constitutional right to effective assistance of counsel was violated because his attorney failed to inform the court of his medical condition.

28 U.S.C. § 1915A(a) directs courts to review complaints filed by prisoners against the government "before docketing, if feasible or . . . as soon as practicable after docketing" to ascertain whether they contain valid claims. Section 1915A(b)(1)

---

[1] By Standing Order, this case was initially referred to a magistrate judge for preparation of proposed findings and recommendation as to disposition. (Doc. No. 42.) To expedite this case's disposition, the court hereby **VACATES** the Standing Order, only as applied to this case.

directs the court to dismiss any complaint, or portions of any complaint, which contain claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted." Id.

A search of the records of the Bureau of Prisons indicates that petitioner has been released as of the date of this opinion, pursuant to a motion by the United States to reduce petitioner's sentence in accordance with Rule 35(b) of the Federal Rules of Criminal Procedure. In order for petitioner to challenge his confinement, a "collateral consequence" of conviction must exist after his release from prison. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("In recent decades, we have been willing to presume that a wrongful criminal conviction has continuing collateral consequences . . . ."). In this case, petitioner does not challenge the validity of his conviction, but rather the length of the term of incarceration he was sentenced to. Petitioner's case must fail because he has already been released from prison. As such, by accompanying Judgment Order, petitioner's claim seeking release from prison is moot, and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Because this case fails to state a claim upon which relief can be granted, in an accompanying Judgment Order, the court: (1) **DISMISSES** petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2255 (Doc. No. 39); and (2) **DIRECTS** the Clerk to remove

this action from the active docket of this court and to forward a certified copy of this Memorandum Opinion and the accompanying Judgment Order to all counsel of record and the petitioner, pro se.

    IT IS SO ORDERED this 22nd day of March, 2007.

                              ENTER:

                              David A. Faber
                              Chief Judge